Edwin M. Bode Executive Secretary Missouri State Employees' Retirement System 900 Leslie Boulevard Jefferson City, Missouri 65101
Dear Mr. Bode:
This letter is in response to your question asking whether a member of the legislature who retired January 1, 1973, after serving in seven biennial assemblies, and who was reelected again in 1974 to the legislature and thereafter served through the years 1975 and 1976, is entitled under Senate Bill 513 of the 78th General Assembly, Second Regular Session, to a refund of contributions for both of the periods for which he served.
It is clear that when the legislator retired in 1973 he had made contributions pursuant to the provisions of Section 104.365 of the Laws of 1972, now repealed by Senate Bill 513, amounting to five percent of his compensation and contributions pursuant to provisions of Section 104.360 at four percent of his compensation prior to the repeal of such section by Senate Bill 548, 76th General Assembly. There was no provision at the time of his retirement for the refund of such contributions. By comparison certain member employees were entitled to refunds of accumulated contributions and credited interest when they retired under Section 104.372 of the Laws of 1972. However, that section expressly excluded refunds to members of the system who elected to receive retirement benefits because of service in the General Assembly.
Senate Bill 513 is now set out in the 1976 Supplement of the Missouri Revised Statutes. Section 104.365, as amended, eliminates the payroll deduction for members of the General Assembly and provides in subsection 2 thereof:
 "Any member of the general assembly or any official holding an elective state office who is in office on September 1, 1976, who thereafter retires, shall be paid by the board an amount equal to the total amount of retirement contributions made by him together with interest at the same rate paid by the board on contributions of state employees, and when a member of the general assembly in office or an official holding an elective state office dies on or after September 1, 1976, but prior to retirement, the board shall pay such amount to such beneficiary as the deceased member shall have designated in writing or to his or her estate if no beneficiary be designated, all such payments shall be made from funds appropriated from general revenue for that purpose."
Section 104.380 as it appears in RSMo 1976 is taken from House Bills 1213 and 1733 of the Second Regular Session, 78th General Assembly effective August 13, 1976. House Bill 1733 amended subsection 2 of Section 104.380 to provide as follows:
 "If a retired member is elected to any state office or is appointed to any state office or is reemployed by a department he shall not receive an annuity for any month or part of a month for which he serves as an officer or employee, but he shall be considered to be a new employee with no previous creditable service and must accrue sufficient creditable service of two or more years after reemployment in order to receive any additional amount of annuity. Any reemployed retired member who has two or more years of creditable service and reaches his new normal retirement date shall receive an additional amount of monthly annuity calculated to include only the creditable service and the average compensation earned since his reemployment. In either event, the original annuity and the additional annuity, if any, shall be paid commencing with the end of the first month after the month during which his term of office has been completed, or his employment terminated."
Therefore, after the legislator was reelected he was considered a new employee with no creditable service and was required to accrue sufficient creditable service of two or more years in order to receive any additional annuity.
It is our view that at the time the legislator elected to retire in 1973 under the then applicable statutory provisions, he was not entitled to a refund of contributions and that amended Section 104.365 did not make him eligible for such a refund. In reaching this conclusion we have considered what we believe to be the legislative intent in amending Section 104.365 which intent is reflected by our reading of these provisions in their entirety.
We conclude in answer to your question that the legislator is not entitled to a refund of contributions made prior to his first retirement.
Very truly yours,
 JOHN ASHCROFT Attorney General